Good morning, and may it please the Court, my name is Celia Ruin and I represent Mr. Gonzalez-Loera. I'm going to try to reserve two minutes for a rebuttal. In this case, Mr. Gonzalez-Loera pled guilty to count one of the indictment, in reliance on the terms of a plea agreement drafted by the government that referred to that charge alone. And after a Rule 11 public plea on that charge, which concluded with the District Court unequivocally accepting Mr. Gonzalez-Loera's guilty plea on that charge, after the Court accepted that plea, it recalled the case. And after a conversation with the prosecutor and the defense lawyer, it started the parties to amend the plea agreement to refer to count one of the superseding indictment. Can I ask you a very practical question here? Yes. What do you want me to do? I would ask this Court to reverse the conviction and remand to enter judgment on the count of the superseding the original indictment, with resentencing on that count. Okay. So I'm going to use this exercise here. Realistically, I would assume the resentence report would be exactly the same. The judge didn't give any indication that he gave any larger sentence because more people were involved in the conspiracy. Just like with your right-of-offer comparison, your client really doesn't gain anything from this, do you? I think he does gain something. And that is because the sentencing considerations are different. But my question is, is there any indication in this case that Judge Logan paid different sentencing considerations because you reviewed your own superseding indictment? Or is that what you're saying? Well, what we have— You pointed to a record that shows that. What I would point to in the record is that in multiple places in the sentencing hearing, Judge Logan referred to the expense of this conspiracy in rejecting the defendant's objections to the resentence report and in rejecting a request for a variance. In addition, in sentencing, the district court, in discussing the objections, for example, the defendant objected to paragraph 17 of the resentence report, referred to conduct that occurred before the time period for the conviction of the charged conspiracy. And while criminal liability for a conspiracy can extend that far, sentencing liability is limited to what is prospectively and reasonably foreseeable. So what we have in the record here is, though Judge Logan correctly, as you noted, did not say, I would have given a lower sentence for these defendants I referred to, what I can point to in the record is that the court— it was important in the court's mind because the court didn't mention multiple times the extent of the conspiracy. And that's important in this case because the court couldn't extend, even though—I'm going to assume we're dealing with under merits. I want to get to this in a second. But even assuming you're right on the merits, the defendant documented it and concluded those other people with original indictment. Surely the judge could take into account in sentencing the evidence about the extent of the conspiracy, even if they weren't charged with a conspiracy, couldn't he? Only if the government admits burden of proof on those. That's what's different. When a defendant admits spiritual liability to increasingly more identified defendants, the reasonable foreseeability burden is lessened on the government. They don't have to prove their connection to that co-defendant in order for the defendant to be held liable for reasonable foreseeable action. Okay, I got you on that. So let's go back to the merits. Here's what troubles me about your position. Maybe you can't help me on it. Your client pleads guilty with, I think, a cruel, unapologetic, unadulterated act of abduction. That's correct. Eleven minutes later, the judge says, Oops, I forgot to note the part he's going to tell me and for some reason I didn't realize it was a conspiracy. You're at the same way. I'm supposed to be with you. And calls everybody back in and says, You know, you're a police individual. That's what you're speaking about. You know, the original one. Is that okay, counsel? Yes. Is that okay, Mr. Defendant? Yes. Would you go through the thing and initially paragraph that? Yeah. Yes, I would. And then everybody goes to their own point. My question is, what's your prejudice? I mean, this is not you. Yeah, there's some prejudice. And it's not like it was three weeks later. It was 11 minutes later. And everybody says, effectively, Yes, Judge, you're right. We're all okay with it. What's your prejudice? Well, I would say that part of the prejudice is that in this case, the court accepted the interim judgment and sentenced Mr. Gonzalez-Lawrence, who's 162 months out of charge. He never said that. I'm asking, what is your prejudice in this process? As he said, he decided, okay, I'm going to do it. If there's something that's not going to kill me, this is what's going to happen. So he did plead guilty to it. Your concern is that he didn't have an appropriate rule of 11 o'clock when he was seated. He did not have an appropriate rule of 11 o'clock. Okay, so if he didn't, what was the prejudice for the one that occurred because he was a counsel? Did the counsel know about it? The judge asked if there was any problem with it, and he was 11 minutes later. The time doesn't matter, right? Well, I think you do a much bigger case on that. You also raised the jeopardy issue. Yes, we raised the jeopardy issue in this case, and this court's rulings in Patterson and Alice say that jeopardy attaches at the moment the district court accepts the guilty plea. How did you weigh that in your plea? No, because the plea waiver was for the charge that the judge wasn't injured and the district court didn't follow the plea. I think what happened in this case is the district court never asked Mr. Gonzalez-Lewer whether he was okay with entering a plea to the charge that judgment was entered on. What happened was when the case was recalled by the district court, the district court asked one question of Mr. Gonzalez-Lewer, and that one question was, I'm instructing the parties to modify the plea waiver into an uncertainty word superseded from the court indictment. And he asked Mr. Gonzalez-Lewer, do you understand that? He also asked counsel, is that okay with you? Is this the right way to proceed? He asked the government's counsel whether that's what they wanted to have happen, and he asked defense counsel whether he had spoken to his client about that. He didn't ask defense counsel even whether that was okay, but even if he had, it's not up to defense counsel to enter an admission to a felony charge. It's the defendant's prerogative. And in Collins, this court focused on that very fact, and after the court realized there was an error with the superseding indictment, the court called the parties back and engaged in a repeated question of Mr. Collins as to whether that's what he wanted to have happen. And Mr. Collins, in that case, said yes. That's the distinguishing factor here. The district court never even asked Mr. Gonzalez-Lewer whether this was what he wanted to have happen. Real complete, really, impracticality is that we object to the fact that on this record, the district court, you know, maybe took some shortcuts. I mean, he took critical shortcuts, shortcuts that amounted to the entering the accepted Mr. Gonzalez-Lewer. He never asked Mr. Gonzalez-Lewer, do you think that you took out one of the superseding indictments? No, but the accounts were in both indictments were substantially the same. They were not substantively the same because of the additional identified co-defendants. The charged crime was exactly the same. The charged crime was the same, but the actual identified co-defendants were different. I see that I'm right. But that doesn't affect them, except in terms of parole and conduct. It doesn't affect anyone, whether they're in the indictment or not. That's true. And the question is whether there's a reasonable probability that by far that change, Mr. Gonzalez-Lewer would have entered this case. I know you're trying to save some time. I'll give you a little bit of extra time. But you're not appealing to senators. That's correct. Okay, so part of the problem here, see, the real problem is you think he should have been sentenced on the original charge. You perfectly could, because he pleads on the original charge. I believe that. You think he should have been sentenced on that. Or he didn't get the sentence. He didn't receive it. It was longer than the one he might have received. But you're going to challenge him to say, let's see what the difference is. Your argument basically is that he might have gotten a lower sentence on the original indictment.    And you have to point to things like that. But you have to show that there's a reasonable probability that by far the change he would not have entered. And there's no way you could actually show real prejudice other than because there was no sentence on the original indictment. So you're sort of forced to argue that there might have been prejudice had it happened. And that's correct. But you have to point to things in the record that show that. And I think it is easy to have because Mr. McDonnell's lawyer was very express in his discussion. But this is important about the scope of his involvement. You will be quoted this time, Jennifer McDonnell. Thank you, Your Honor. Let's hear from you. Thank you, Mr. Court. My name is Karen McDonnell. I'm an assistant UIC's attorney in Phoenix, Arizona. Your Honors, this appeal should be dismissed based upon the waiver of the plaintiffs. The waiver doesn't waive the rule of law that the defendant uses. We believe that the waiver that the defendant executed as contained in the plea agreement included the basis upon which the defendant appeals today. No, no. That's the rule of law. Of course, that's what you just argued. But doesn't the rule of law that the defendant uses not include the basis upon which the defendant appeals? Your Honor, I understand that the standard of review does actually lead us into an analysis of whether there is a waiver. Right. For example, if he signs a plea waiver and the judge has said, I see you have a waiver here. I find you guilty. Go back home. We could say that was the appropriate way to do it because he should have given the rule of law to convict him. So I don't think the waiver covers the question being raised, which is, was he required to be taken to the examiner convict when he physically was not injured in the chokehold? I'm sorry, Karen. And I'll move to the merits, Your Honor. In this case, the district court appropriately corrected a technical error that occurred during the preliminary review. The issue that's so wrong, it's not up to the district court to tell the defendant, I'm going to do this, and you're going to beat me to it because it doesn't meet the discipline. That's not the way you take a plea, is it? No, it's not, Your Honor. But it is. I don't believe that the transcript reflects the type of bullying of the defendant as the defendant characterizes it here. The court acquired of the parties. Counsel, I don't have no personal inquiry over the defendant. That is true, Your Honor. Oh, you don't? No, I have no inquiries. The United States argues that U.S. v. Maryland decided to write this court in 2012 is really a very closely analogous fact matter here. And to what we have here in that case, there was a separation by 13 days from the original plea colloquy, and where the court referenced the plea to an indictment. And then 13 days later, the plea colloquy was considered resumed, and the court clarified that it was a plea to the superseding indictment. In this case, we have a break of 11 minutes. But while there are some factual differences between the Collins case and this case, we believe that the totality of this establishes that it was one unified whole proceeding. And you say that he would not have gotten a lower sentence under the Lincoln Charter? No, he would not have. Why not? Well, because the plea agreement's actual basis captures four specific loads of drugs. And those four loads of drugs were what was used by the pre-sentence report writer to calculate the base offense level.  By the guidelines or by the pre-sentence reports, there's all kinds of things that could be perceived. Yes, I believe that that's true. But in this case, there's supposed to be so no prejudice because the pre-sentence was inferred. There's no way that a petitioner could even possibly show prejudice under these circumstances. So you're just supposed to assume that he wasn't prejudiced. I think that the totality of the record reflects that then there would be no prejudice because the base offense level is calculated by the pre-sentence report writer. I was exactly in line with the actual basis asserted in the plea, which is the amount of drugs to which the defendant was admitting were reasonably foreseeable to him. And so we see very, very little way in which the defendant could come out any differently than putting to the indictment versus the pre-sentence report. So very little way in response to what you just said, OK. The truth is that the district court certainly would be free to take this account to a number of things. But the defendant did not object to anything about the pre-sentence report that would have changed what the base offense level calculation was. Did the defendant object to the sentence? I'm sorry? Did the defendant object to the sentence? I do not know. I mean, if that's true. It seems to me that the defendant thought that the sentence was improperly raised on the pre-to-the-sentence proceeding and claimed that it was mostly reasonable that he could have asserted that objection. And I would like to point out that the defendant was sentenced to the lower end of his guideline where it's consistent with the terms of the plea agreement. Let me back up a little bit. First of all, I'm going to assume as your position that if there was a rule of left violation, then in order for the defendant to get a relief, he's got to show some kind of prejudice. Is that right? Right. But for the true point that he would have objected to, I don't think that's true. He's got the prejudice that he has to show. In other words, if I had another rule of left called green, maybe he would have accepted to allow for a little bit of gift. I mean, he's got to make some kind of showing. All right. And your reading of the record, of course, affects your own defense conviction in terms of prejudice. In the final analysis, I don't think the defendant has shown. You don't think there's anything to it. Right. In terms of prejudice, I mean. Right. And I think that if we look at what the district court did, maybe some more might have been said. But I think that the overall record reflects that there was no overbearing of the defendant's will. And the downstream actions of the defendant and his counsel established that they had no desire to plead guilty to the indictment instead of this preceding indictment. Because there were, in fact, objections lodged to the precedence report, none of which addressed the issue of which document the defendant was pleading to. And the sentencing, there were numerous references to the defendant pleading to having pled to the superseding indictment, which went unobjected to. What about Mr. Lewis's point that, well, it is different when you have these co-defendants now pleading to the indictment? Because in a way, it expands the basis on which the court can place the sentencing. Well, while that is arguably true, that didn't happen here, because there is no drug-related ascribed to the defendant to determine his base offense level. That's traceable to the four additional defendants who had a superseding indictment. And the law of the area. So the issue is that the quality in terms of sentencing is the same under the superseding indictment as it was originally? Yes. Yes. That's accurate. And I might note that the plea agreement contained no stipulation to drug-related seeking to limit the defendant's exposure in any way. So the calculation of his base offense level in the presumptive report was an honest examination of the evidence. And ascribed to the defendant was reasonably traceable to the indictment. And I think the defendant is denying that. Can we go back to Collins for a second? In Collins, I hope, 13 days later, the judge placed the defendant at growth again and sort of asked him, if you remember everything that happened before and everything that he said, did you still agree with it? We don't have that here, do we? No, we do not. Because that doesn't distinguish Collins sufficiently, so I suppose there's a control. I don't think so. Because what Collins did, as far as the proposition that the colloquy and the district court's subsequent correction can be viewed in its totality as well unified. See, I'll put it this way. It's not viewed in its totality. But at least in Collins, the judge says at the end of it, how do you agree to go look at the first superseding the indictment? And Collins says, OK. And here, there's never, let's say, in court, that the man is guilty. He should be accountable to the jury. He does sign something. But he doesn't even say to the judges, OK, judge, you're really guilty to that, too. Well, in this case, the error preceded the district court's presentation during the original plea colloquy that the plea agreement itself would reflect a related indictment, rather than a supra-indictment. And so because of that, the district court then asked the parties to actually interlineate, again, the words superseding, everything that was said. Right. And the defendant signed off on that. And so we believe that that's yet one indication amongst many indications that we have on the totality of the record that this is, in fact, what the parties intended. So how would the government be marked in this case if they were looking at something you said that was such a defendant? I'm willing to think very much that the defendant would receive exactly the same treatment. That is a lot of the point here. We do believe that this appeal is, to a large degree, a useless exercise of such. Right. Had you said, I mean, had the government said at some point, look, we don't think you're right, but we'll agree to make it as much as you can to the first superseding argument, or to the regular argument. In that stance, you're not challenging that claim. We'd be done. Right. I'm not blaming you. You both have arguable positions. I just have the feeling that you're carrying your own disagreeing opinions, and both of them don't mean anything to me. But ultimately, down the line, this could work to the defendant's disadvantage because there's no guarantee that the defendant would be offered a plea agreement to the original indictment. I daresay it wouldn't be that the original indictment still exists on the record. And so the defendant is free at any point to come in and plead. No, I take it. We will be with you. Mr. Arvin's position is he has to take the guilty to a crime. It's the one in the first claim that he simply said. I think that's her decision. I don't think she's saying he gets to decide who will forget about that claim. And then, yes, the defendant claims that Jeopardy attached to the plea to the original indictment, which is a point that it still subsists in some way on the record. Yes, it's a case law. So he would be the first to come in and work it out, and then she would accept it. If Judge Logan were willing to accept it. You are not. Well, it's Jeopardy's position that under the totality of the record here, he is a part of Jeopardy. It's his position that he is a part of Jeopardy. OK, we understand. And I didn't mean to suggest that either of you are in a relationship. It just strikes me that we don't want to have a presumptive decision. However, we will be with you. I see I'm out of time, so I'll just ask that the judgment of conviction be accepted so we can work it out. Ms. Roman, I'll put a minute on the clock. The first is that the violation here, it's a cold left violation of the prejudice, is that the defendant has to show that it affected substantial rights in order to do that. He has to show that it's reasonably foreseeable that before this, he would not have entered the plea under the record before this court. He has done that. How? He has done that by, in the plea column, he's very careful to specifically identify the code amendments. He says, I made my act. I conspired with those guys. Yes, it's quite different to establishing that it's reasonably foreseeable. The judge, Logan, said there were some proceedings around the initial conviction. He said, oh, no, not this one. Do you really have any evidence there? Given the low standards and reasonable foreseeable evidence, it's not even a preponderance. Mr. Gonzalez, that evidence is evidence. Moreover, he objected at sentencing to enhancements that were tied to the scope of the conspiracy. He didn't get them. And he didn't get them, but it's an indication that he, that those were the concerns he had about what was happening in this case. And there's no doubt that he didn't object in the record to this. But there's evidence that the court can look to to see whether it's reasonably foreseeable, but for this, he would not have entered the plea. I would note that it's not something the guidelines that control sentencing 3553 that the district court rejected Mr. Gonzalez, whereas objections and a request for a variance in 3553 based on the scope of the conspiracy. He did say it was lower to the government. It had been the plea agreement. The court had the discretion to go lower. And so with those points, the one other point on Collins I wanted to make was in Collins, the plea agreement at issue there referred to the correct charge. Here, the government drafted this plea agreement. The plea agreement the government drafted referred to the indictment. And that agreement should be enforced against the government as it was drafted and accepted by Mr. Gonzalez-Aguero. Well, we've given you special time. You received it. Thank you. Thank you. This case will be submitted.
judges: Tashima, Hurwitz, Adelman